OPINION
{¶ 1} Appellant, Ebony Jackson, appeals from her conviction on one count of possession of crack cocaine in violation of R.C.2925.11. We affirm.
 {¶ 2} On February 13, 2001, the Ashtabula Police Department executed a no-knock search warrant at 910 West 48th Street, Ashtabula City. The SWAT team entered the residence first and secured the site. Detectives then entered and searched the residence. Appellant was seated on a couch in the living room when the SWAT team entered. She had her purse beside her on the couch. While securing the residence, the SWAT team overturned the couch cushions and dumped at least part of the contents of appellant's purse onto the floor.
 {¶ 3} Appellant was eventually searched by a female officer in another room of the house. She was then told that she was free to retrieve her belongings and leave. As she returned the items from the floor to her purse, Detective Pouska of the Ashtabula Police Department noticed that appellant's purse still contained some items; therefore, pursuant to the search warrant, he requested that appellant empty the remaining contents out of her purse. As appellant did so, a bag of crack cocaine fell from her purse.
 {¶ 4} Appellant was arrested and subsequently indicted for possession of crack cocaine in violation of R.C. 2925.11. Appellant filed a motion to suppress, which was denied. Following a jury trial appellant was convicted of one count of possession of crack cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a fourth degree felony. The court sentenced appellant to two years of community control sanctions; fined her $300; ordered her to undergo a drug and alcohol evaluation and unannounced urinalysis; and suspended her driver's license for six months. Appellant appeals from her conviction raising three assignments of error:
 {¶ 5} "[1.] The defendant-appellant's constitutional rights to due process and right to counsel were prejudiced by the ineffective assistance or trial counsel.
 {¶ 6} "[2.] The trial court erred to the prejudice of the defendant-appellant when it overruled her motion for acquittal made pursuant to Crim.R. 29 of the Ohio Rules of Criminal Procedure.
 {¶ 7} "[3.] The jury erred to the prejudice of the defendant-appellant when it convicted her of possession of a controlled substance and the conviction is against the manifest weight of the evidence."
 {¶ 8} In her first assignment of error appellant argues that she was denied the effective assistance of counsel. We disagree.
 {¶ 9} When we review an ineffective assistance claim, the benchmark is "[w]hether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."Strickland v. Washington (1984), 466 U.S. 668, 686. To prevail on a claim of ineffective assistance, appellant must show her counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Appellant must also show prejudice resulting from the deficient performance. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Appellant must show "* * * that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. We presume that counsel's conduct was within the wide range of reasonable professional assistance. Id. See, also, State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 10} We need not address the two prongs of appellant's ineffective assistance claim in the order set forth inStrickland.
 {¶ 11} "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."Strickland, supra at 697.
 {¶ 12} Appellant first argues that her trial counsel was ineffective because he failed to introduce appellant's purse into evidence; however, appellant points to nothing that evidences that, had the purse been introduced into evidence, the outcome of the trial would have been different. This is especially so as several photographs of the purse were introduced into evidence.
 {¶ 13} Appellant also argues that her trial counsel was ineffective because he failed to adequately cross-examine one of the investigating detectives, Detective Cellitti, and to introduce Detective Cellitti's report into evidence. We find no error.
 {¶ 14} Detective Pouska testified that appellant accused him of planting the crack cocaine in her purse. Appellant testified and denied making such a statement. The state then called Detective Cellitti as a rebuttal witness. Detective Cellitti testified that he heard appellant make the statement to Detective Pouska. Under cross-examination, Detective Cellitti admitted that he did not include appellant's statement in his report. Appellant now contends that her trial counsel should have conducted a more thorough cross-examination of Detective Cellitti on this point and introduced his report into evidence. However, defense counsel obtained an admission from Detective Cellitti that he failed to include appellant's statement in his report; therefore the jury was well aware of this fact and appellant can show no prejudice resulting from her counsel's performance, even assuming it was deficient. Appellant's first assignment of error is without merit.
 {¶ 15} In her second assignment of error, appellant contends that there was insufficient evidence to establish that she possessed the crack cocaine. We disagree.
 {¶ 16} When presented with a sufficiency argument we view the evidence in the light most favorable to the prosecution and determine whether any rational juror could have found all of the elements of the offense beyond a reasonable doubt. State v.Furman, 11th Dist. No. 2001-L-213, 2003-Ohio-2100, at ¶ 48, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 WL 738452, at 4-5.
 {¶ 17} In support of this assignment of error appellant argues that there was a sufficient amount of time while she was being searched for someone to plant the crack cocaine in her purse. While this assertion is true, the state presented evidence to establish that the purse belonged to appellant; that no one planted the crack cocaine in the purse; and that the crack cocaine fell from appellant's purse when she emptied it of its contents as instructed by Detective Pouska. Thus, viewed in the light most favorable to the prosecution, there was sufficient evidence to establish that appellant possessed the crack cocaine. Appellant's second assignment of error is without merit.
 {¶ 18} In her final assignment of error, appellant argues that her conviction is against the manifest weight of the evidence. We disagree.
 {¶ 19} We may find that a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 2002-Ohio-7247, at ¶ 76,98 Ohio St.3d 248. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We should only exercise this discretionary power in those exceptional cases where the evidence weighs heavily against conviction. Id. See, also, State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
 {¶ 20} As in her second assignment of error, appellant premises her argument on the fact that there was a sufficient amount of time while she was being searched for someone to plant the crack cocaine in her purse. As we discussed, the state presented substantial, credible evidence to establish that appellant possessed the substance. Thus, after a thorough review of the record, we cannot say that the jury's verdict was against the manifest weight of the evidence. Appellant's third assignment of error is without merit.
 {¶ 21} For the foregoing reasons the judgment of the Ashtabula County Court of Common Pleas is affirmed.
Judgment affirmed.
Ford, P.J., and Grendell, J., concur.