[Cite as *State v. Petway*, 2017-Ohio-7954.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-084** |
| DERRICK PETWAY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Painesville Municipal Court, Case No. 16 TRC 3436 A.

Judgment: Affirmed.

*Joseph M. Gurley,* Painesville City Law Director, 240 East Main Street, Painesville, OH 44077 (For Plaintiff-Appellee).

*Cory R. Hinton,* Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44094 (For Defendant-Appellant).

CYNTHIA WESCOTT RICE, P.J.

{¶1}   Appellant, Derrick J. Petway, appeals from the judgment of the Painesville Municipal Court denying his post-sentencing motion to withdraw his plea of guilty to operating a vehicle under the influence ("OVI").  We affirm the trial court's judgment.

{¶2}   On June 7, 2016, at 1:57 a.m., appellant was driving in Painesville, Ohio, when he was stopped by Trooper Pickett of the Ohio State Highway Patrol.  As a result of the stop, appellant was ultimately charged with various traffic violations, including:

OVI, OVI refusal, and driving under an OVI suspension. This was appellant's fourth arrest for OVI, the prior incidents occurring in 2009, 2010, and 2012.

{¶3} Pursuant to his bond conditions, appellant was required to submit a urine drug test. His urine screen tested positive for cocaine and he subsequently appeared before the court for a bond revocation hearing. After discussing the test, the trial court stated it would not revoke appellant's bond, but asked counsel and appellant if the matter could be resolved via plea. Counsel and appellant left the courtroom to discuss plea options; shortly thereafter, they returned advising the court the matter could not be resolved because dash-camera evidence was still outstanding and there were potential suppression issues. The court stated it would set the matter for a suppression hearing, but first outlined potential sentencing options if appellant entered a plea. The court indicated that, if appellant pleaded to the OVI charge, a pending driving-under-suspension charge would be dismissed and the sentence would include a report date for the statutory minimum jail time of 18 days of local incarceration as well as 55 days of GPS house arrest, 12 months of probation, a one-year license suspension, and immobilization of the vehicle associated with the case. Apparently, the court's bailiff commented that the proposed sentence was a "gift."

{¶4} After a brief discussion with counsel in the courtroom, appellant pleaded guilty to the OVI charge and was immediately sentenced. Approximately two weeks later, appellant filed a motion to withdraw his guilty plea with a request for oral hearing. The trial court denied the motion and this appeal followed. Evidently, in the course of processing the record, appellant's counsel learned the trial court's recording system had failed at the time of the plea hearing; as a result, no record of the proceedings could be

transcribed. Accordingly, appellant's counsel filed an App.R. 9(C) statement of the proceedings. This court remanded the matter for the trial court to settle the record which, by order of March 7, 2017, the trial court concluded the statement was accurate. Appellant assigns the following error on appeal.

{¶5} "The trial court erred on July 14, 2016 and/or September 15, 2016 when it denied Mr. Petway's July 12, 2016 motion to withdraw his plea."

{¶6} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit a defendant to withdraw his plea." A defendant who seeks to withdraw a guilty plea after sentence must establish a manifest injustice. *See e.g. State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶12. A "manifest injustice" is a "clear or openly unjust act." *Id.* "Withdrawal of a guilty plea after sentencing is permitted only in 'extraordinary cases.'" *State v. McComb*, 2d Dist. Montgomery Nos. 22570 and 22571, 2008-Ohio-295, ¶8 quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "The rationale for this high standard is 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe.'" *State v. Robinson*, 11th Dist. Lake No. 2011-L-145, 2012-Ohio-5824, ¶14, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

{¶7} The decision whether to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. *State v. Borecky*, 11th Dist. Lake No. 2007-L-197, 2008-Ohio-3890, ¶14. The phrase "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or

the record. *State v. Underwood,* 11th Dist. Lake No.2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678 (1925).

{¶8} With these standards in mind, we emphasize that a properly licensed attorney is presumed effective in his or her representation of a defendant. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Ziefle*, 11th Dist. Ashtabula No. 2007-A-0019, 2007-Ohio-5621, ¶20. Specifically, appellant must show that counsel's performance was deficient and "must also show prejudice resulting from the deficient performance." *State v. Jackson*, 11th Dist. Ashtabula No. 2002-A-0027, 2004-Ohio-2442, ¶9."

{¶9} Appellant asserts trial counsel rendered ineffective assistance by his failure to review the dash-cam recording of appellant's stop and arrest, by failing to recognize appellant was under duress when the plea was entered, and for failing to discuss the change of plea in greater detail after court and its staff allegedly attempted to facilitate a plea. Because appellant fails to elucidate how these alleged deficiencies affected the validity of appellant's guilty plea, he has, in effect, presumed prejudice. In so doing, he has failed to set forth a full analysis of the *Strickland* test for ineffectiveness and therefore concludes his guilty plea was invalid based upon pure speculation.

{¶10} As a general proposition, the Supreme Court of Ohio has stated that a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). Thus, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of

4

any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea. *Id.*

{¶11} In light of this point, for purposes of an ineffectiveness claim in relation to a plea of guilty, an appellant must demonstrate that counsel's alleged deficient performance "'caused the plea to be less than knowing and voluntary.'" *State v. Haynes*, 11th Dist. Trumbull No. 93-T-4911, 1995 WL 237075, *2 (Mar. 3, 1995), quoting *State v. Barnett*, 73 Ohio App.3d 244, 248-249 (2d Dist.1991). Put differently, an appellant's plea of guilty waives his or her right to assert an ineffective assistance claim unless counsel's errors affected the knowing and voluntary character of the plea. *State v. Hill*, 10th Dist. Franklin No. 10AP-634, 2011-Ohio-2869, ¶15, citing *Spates*, *supra.*

{¶12} Initially, counsel was not ineffective for failing to obtain the video from the stop. Even if failing to obtain the video of the stop was unreasonable, it is unclear how this action affected the knowing and voluntary nature of appellant's plea. And neither appellant, nor the dissent set forth any basis for concluding that appellant's plea was invalid as a result of counsel's failure to review the video.

{¶13} Furthermore, the video is not part of the record and, as a result, we have no idea what the video might show. It is absurd to claim that counsel's failure to obtain evidence, the content of which is a mystery to all, somehow compromised the volitional character of appellant's plea. The suggestion that counsel's omission prejudiced appellant *in any way* is, at best, speculative and conclusory.

{¶14} Appellant also argues he was somehow under duress when he entered his plea. Appellant fails to set forth any plausible foundation as to how he was compelled or unduly influenced to enter his plea by the court, the bailiff, or his counsel.

Moreover, appellant does not explain how counsel's failure to take additional time to explain the ramifications of his change of plea would have affected his decision to enter the plea. There is simply no ineffective assistance of counsel in this case. Thus, appellant has failed to establish a manifest injustice occurred in the course of entering his plea.

{¶15} Finally, the dissent asserts counsel was ineffective because, in appellant's motion, he failed to set forth facts justifying withdrawal of his guilty plea. Counsel's motion to withdraw appellant's guilty plea, while brief, advanced arguments to support his position. Moreover, there is no dispute that appellant's motion was heard and considered. In other words, the trial court did not reject the motion as facially insufficient because it did not set forth facts or an affidavit to support the argumentation. It is therefore unclear how counsel was ineffective in drafting the motion.

{¶16} Appellant's assignment of error lacks merit.

{¶17} For the reasons discussed in this opinion, the judgment of the Painesville Municipal Court is affirmed.


THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶18} I respectfully dissent.

{¶19} The right to counsel is guaranteed by the due process clauses of the United States Constitution, and the Sixth Amendment. *Strickland v. Washington*, 466

6

U.S. 668, 684 (1984). "'[T]he right to counsel is the right to the effective assistance of counsel.'" *Id.* at 686, quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). The waiver or relinquishment of an important constitutional right must be knowing, voluntary, and intelligent. *State v. Adams*, 43 Ohio St.3d 67, 69 (1989), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). The waiver of an important constitutional right cannot be presumed from a silent record. *State v. Stone*, 43 Ohio St.2d 163, 167 (1975), citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

{¶20} Trial counsel failed to obtain and review the video of the traffic stop resulting in Mr. Petway's arrest, before advising his client to enter his plea of guilty. When trial counsel's failure to make discovery affects a defendant's case in a vital aspect, it can be ineffective assistance. *State v. Biggers*, 118 Ohio App.3d 788, 790-791 (10th Dist.1997). "Trial counsel's complete failure to investigate a case can raise a presumption of prejudice. *State v. Bradley* (1989), 42 Ohio St.3d 136, 146, certiorari denied (1990), 497 U.S. 1011, * * *." *State v. Hercutt*, 12th Dist. Butler No. CA94-05-108, 1994 WL 580218, *1 (Oct. 24, 1994).

{¶21} "As a defense attorney *you have a duty to question and challenge the state's evidence* * * *. You have a duty to investigate these matters and use the means at your disposal to conduct that investigation. You have a duty to test the state's evidence. You simply cannot advise your client on whether to try the case or throw in the towel unless you have questioned and challenged the state's evidence." (Emphasis sic.) Huey, Adams & Nesci, *Ohio OVI Defense The Law and Practice* at 150 (2016).

{¶22} There is nothing in the record indicating whether or not Mr. Petway was, in fact, guilty of OVI. The form 2255 does not indicate that he failed field sobriety tests, or

even whether they were administered. It merely notes the arrest was due to a "strong odor of an alcoholic beverage, officer observations," as the reasons for the arrest. He refused a breathalyzer test. At the pretrial where Mr. Petway pled guilty, counsel initially told the trial court he could not advise a plea deal, since he had not yet reviewed the video of the stop – then changed his advice to his client, on hearing the plea deal proposed by the trial court. It is elemental that suppression hearings are a vital component of OVI proceedings and that videos of the traffic stop can provide powerful evidence of guilt or innocence. It is impossible to understand how a plea can be entered knowingly, voluntarily, and intelligently, when the defendant enters it on advice of counsel who has not familiarized himself or herself with the fundamental evidence of the case. Counsel was ineffective.

{¶23} The recent decision in *State v. Bell*, 8th Dist. Cuyahoga No. 105000, 2017-Ohio-7168, is instructive. In 2013 Mr. Bell was indicted for a rape occurring in Cleveland in 1993, re-opened on the basis of DNA evidence. *Id.* at ¶3. He was convicted following jury trial, and his appeal to the Eighth District failed. *Id.* at ¶4-6. Mr. Bell filed a petition for post-conviction relief following his conviction and the failure of his appeal, which the trial court denied without hearing. *Id.* at ¶1. The Eighth District reversed and remanded, on the basis that trial counsel was ineffective. *Id.* at ¶1, 29-35. Trial counsel had interviewed the alleged victim, and her best friend, but had failed to ask them if the alleged victim was having consensual sex at the time of the alleged rape. *Id.* at ¶29-30. The alleged victim had testified she was having consensual sex at the time with her boyfriend, Anthony Lawrence, but only him. *Id.* at ¶30. However, attached to the petition for post-conviction relief was Mr. Lawrence's affidavit averring

8

the alleged victim had told him, at the time, she was having consensual sex with other young men. The Eighth District further found that trial counsel had failed to investigate Mr. Bell's own version of events on the night of the alleged rape, or to investigate a statement made by the alleged victim's best friend that she may have been dating other young men. *Id.* at ¶31-33. After reviewing these instances of failure to investigate, the Eighth District held:

{¶**24**} "Although we give defense counsel the benefit of the doubt in matters of trial strategy, *State v. Conway*, 109 Ohio St.3d 412, 2006–Ohio–2815, * * *, ¶115, 'a failure to investigate, if true, is not a matter of trial tactics, but violates an essential duty owed to clients.' *State v. Schlosser*, 2d Dist. Montgomery Nos. 17192 and 17193, 1999 Ohio App. LEXIS 2386, at *26, 1999 WL 335143 (May 28, 1999). '(C)ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' *Strickland,* [*supra,*] at 691. This duty is one that requires defense counsel to 'investigate "the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction."' *State v. Johnson*, 24 Ohio St.3d 87, 89, * * * (1986), quoting 1 A.B.A. Standards for Criminal Justice 91982 Supp.), No. 4–4.1.

{¶**25**} "In light of counsel's failure to adequately investigate the defense theory and introduce evidence supporting that theory, we find that Bell is entitled, at a minimum, to an evidentiary hearing on the issue of whether the cumulative effect of counsel's errors rendered her assistance constitutionally ineffective. Accordingly, the trial court abused its discretion in denying Bell's petition without a hearing. The fourth assignment of error is sustained." (Parallel citations omitted.) *Bell*, *supra*, at ¶34-35.

9

{¶26} That counsel was ineffective is also supported by the decision of the Supreme Court of Washington in *State v. A.N.J.*, 168 Wash.2d 91 (2010). A.N.J. was a minor charged with molesting another minor. *Id.* at 96. On advice of his court appointed counsel, he pled guilty, then sought to withdraw his plea. *Id.* The motion was denied. *Id.* at 105. On appeal, as in the trial court, A.N.J. argued his counsel had been ineffective due to failure to investigate the case, thus rendering A.N.J.' s plea neither knowing, nor voluntary, nor intelligent. *Id.* at 96, 109-112. Counsel had failed to follow up in contacting two witnesses. *Id.* at 109. A.N.J.'s parents alleged counsel only spent five to ten minutes discussing the plea offer. *Id.* at 101. A.N.J. only received a copy of the plea deal just before hearing, and counsel, again, only spent five minutes with him. *Id.* at 101-102.

{¶27} The Supreme Court of Washington concluded A.N.J.'s counsel had been ineffective for failure to investigate, holding, "a defendant's counsel cannot properly evaluate the merits of a plea offer without evaluating the State's evidence." *A.N.J.* at 109, citing *State v. Bao Sheng Zhao*, 157 Wash.2d 188, 205 (2006). The court further held:

{¶28} "Counsel has a duty to assist a defendant in evaluating a plea offer. RPC 1.1 ('A lawyer shall provide competent representation to a client. Competent representation requires (* * *) thoroughness and preparation reasonably necessary for the representation'); RPC 1.2(a) ('In a criminal case, the lawyer shall abide by the client's decision, *after consultation with the lawyer,* as to a plea.' (emphasis added)); *State v. Osborne,* 102 Wash.2d 87, 99, * * * (1984) (citing *State v. Cameron,* 30 Wash.App. 229, 232, * * * (1981)). Effective assistance of counsel includes assisting

10

the defendant in making an informed decision as to whether to plead guilty or to proceed to trial. *S.M.,* 100 Wash.App. at 413, * * *. The degree and extent of investigation required will vary depending upon the issues and facts of each case, but we hold that at the very least, counsel must reasonably evaluate the evidence against the accused and the likelihood of a conviction if the case proceeds to trial so that the defendant can make a meaningful decision as to whether or not to plead guilty." (Emphasis sic.) (Parallel citations omitted.) *A.N.J.* at 111-112.

**{¶29}** Our own Rules of Professional Conduct demand that counsel investigate the facts in a case. Prof. Cond. Rule 1.1 provides, "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation *reasonably* necessary for the representation." (Emphasis sic.) Prof. Cond. Rule 1.3 provides, "[a] lawyer shall act with *reasonable* diligence and promptness in representing a client." (Emphasis sic.) Prof. Cond. Rule 1.4, Comment [2] provides, in pertinent part: "a lawyer who receives * * * a proffered plea bargain in a criminal case must promptly inform the client of its substance unless the client has previously indicated that the proposal shall be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer." Again, as the United States Supreme Court has held, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, *supra*, at 691. Here, there was no investigation.

**{¶30}** Counsel was not familiar with the most basic evidence when he advised Mr. Petway to plead guilty, which undermines the validity of Mr. Petway's plea. *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036 (March 22, 2002), *3.

11

Since the plea was not made knowingly, voluntarily, and intelligently, Mr. Petway was prejudiced by counsel's deficient performance. *Id.* Mr. Petway should have been allowed to withdraw his plea.

{¶31} I respectfully dissent.