[Cite as *State v. Ober*, 2019-Ohio-843.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NOS. 2018-P-0034** |
| - vs - | : | **2018-P-0035** |
| JAMES S. OBER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Municipal Court, Ravenna Division, Case Nos. 09 TRC 3321 and 09 TRC 5316.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James S. Ober*, pro se, 6150 Allyn Road, Hiram, OH 44234 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, James S. Ober, appeals from the April 6, 2018 judgment entry of the Portage County Municipal Court, Ravenna Division, denying Mr. Ober's Motion to Vacate Plea after he failed to appear for the hearing. After a careful review of the record and pertinent law, we affirm the trial court's judgment.

**Substantive and Procedural History**

**{¶2}** The present appeal is combined from two cases of driving while under the influence of alcohol or drugs ("OVI"). The first incident occurred on March 23, 2009 (case "2009 TRC 3321,") and the second roughly one month later, on April 29, 2009 (case "2009 TRC 5316").

**{¶3}** The trial court held a change of plea hearing on September 15, 2009, for both cases in which Attorney Thomas J. Sicuro represented Mr. Ober. At the start of the hearing, the court confirmed with Mr. Ober and Attorney Sicuro that Attorney Sicuro was indeed representing him again. Previously, Mr. Sicuro filed a motion to suppress in Mr. Ober's first OVI case (2009 TRC 3321), and shortly after withdrew as counsel. Once representation was confirmed, Attorney Sicuro advised the court that Mr. Ober was withdrawing the motion to suppress the evidence in the first OVI and that Mr. Ober would be pleading guilty to the OVI charges in both cases.

**{¶4}** The court then engaged Mr. Ober directly in a colloquy to ensure he was knowingly, intelligently, and voluntarily pleading guilty. The court accepted Mr. Ober's plea of guilty to both cases and dismissed, on motion of the prosecutor, the remaining charges.

**{¶5}** In case 2009 TRC 3321, the court sentenced Mr. Ober to a fine of $1,075 and court costs, with $700 of the fine suspended. He was also given a 180-day jail sentence with 174 days suspended on conditions. In case 2009 TRC 5316, Mr. Ober was sentenced to a $1,075 fine with $700 suspended and 180 days in jail with 174 days suspended on conditions.

**{¶6}** Mr. Ober subsequently filed an appeal, pro se, on August 17, 2009, in case 2009 TRC 3321, where he made several assertions regarding his trial counsel's

2

misrepresentation during his plea agreement, indicating he was ill-advised when he made his plea. We dismissed in *State v. Ober*, 11th Dist. Portage No. 2009-P-0048, 2009-Ohio-5766, finding his motion for leave to file a delayed appeal procedurally flawed because it was untimely and failed to explain what caused his delay in perfecting his appeal as of right pursuant to App.R. 5(A).

**{¶7}** On March 26, 2010, the trial court issued a judgment entry following a hearing to revoke/modify probation to extend Mr. Ober's probation until June 16, 2010, and ordered him to report immediately to probation to be placed on SCRAM. Several months later, on December 17, 2010, the court suspended Mr. Ober's license after he failed to pay his fines and court costs.

**{¶8}** Almost eight years later, Mr. Ober filed a motion to withdraw his guilty plea in both cases. The court set a hearing date of April 6, 2018, and notice was sent to Mr. Ober at the address listed on his motion. Mr. Ober failed to appear on the date of the hearing, and the court subsequently denied his motion to vacate plea.

**{¶9}** The instant appeals followed, which are identical and consolidated for our review since Mr. Ober raises only one assignment of error on appeal:

**{¶10}** "The trial court erred when it denied Appellant's motion for withdrawal of guilty plea after sentencing. Said denial constituted an abuse of discretion."

**{¶11}** We note initially that Mr. Ober urges us to review his appeal as a "layman," stating that: "[t]he Supreme Court has acknowledged defendants petitioning the courts as such and has asked to construe a Defendant's argument as a layman."

**{¶12}** Although we understand the heavy burden pro se litigants face, there is not a double standard for pro se and represented litigants. As we have explained in the past:

3

"[w]hile one has the right to represent himself or herself and one may proceed into litigation as a pro se litigant, the pro se litigant is to be treated the same as one trained in the law as far as the requirement to follow procedural law and the adherence to court rules. If the courts treat pro se litigants differently, the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel." *Karnofel v. Kmart Corp.*, 11th Dist. Trumbull Nos. 2007-T-0036 & 2007-T-0064, 2007-Ohio-6939, ¶27, citing *State v. Pryor*, 10th Dist. Franklin No. 07-AP-90, 2007-Ohio-4275, ¶9, citing *In Justice v. Lutheran Social Servs.*, 10th Dist. Franklin No. 92AP-1153, 1993 Ohio App. LEXIS 2029, 6 (Apr. 9, 1993). "Thus, although we recognize the difficult task pro se litigants face when representing themselves, we must adhere to the established rule that '[p]ro se litigants are held to the same standard as other litigants and are not entitled to special treatment.'" *Id.*, quoting *In re Salsgiver*, 11th Dist. Geauga No. 2003-G-2514, 2003-Ohio-6420, ¶46, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist.1996).

### Post-Sentence Motion to Withdraw Guilty Plea Standard of Review

**{¶13}** Crim. R. 32.1 states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶14}** "A post-sentence motion to withdraw a guilty plea will be granted only to correct manifest injustice." *State v. Gibson.* 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶20, quoting *State v. Casas*, 2d Dist. Montgomery No. 19049, 2003-Ohio-3237, ¶6, citing Crim.R. 32.1; *State v. Stumpf*, 32 Ohio St.3d 95, 104 (1987). "A manifest

4

injustice standard is an extremely high standard, which permits withdrawal of a plea only in extraordinary cases." *Id.*, quoting *State v. Allen*, 8th Dist. Cuyahoga No. 86684, 2006-Ohio-3164, ¶10. "The manifest injustice standard 'comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" *Id.*, quoting *State v. Thomson*, 6th Dist. Lucas No. L-05-1213, 2006-Ohio-1224, ¶48, citing *State v. Woods*, 8th Dist. Cuyahoga No. 82120, 2003-Ohio-2475, ¶16.

{¶15} "The burden is on the defendant to establish the existence of such injustice. * * * 'The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *Id.* at ¶21, quoting *Thomson* at ¶49, citing *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

{¶16} "The motion [to withdraw a guilty plea] is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at ¶22, quoting *State v. Gegia*, 11th Dist. Portage No. 2003-P-0026, 2004-Ohio-1441, ¶20, citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "The phrase 'abuse of discretion' is one of art, connoting judgment exercised by a court, which does not comport with reason or the record." *State v. Petway*, 11th Dist. Lake No. 2016-L-084, 2017-Ohio-7954, ¶7, citing *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

5

{¶17} Mr. Ober raises two arguments in his assignment of error, namely that he did not receive notice of the hearing of his motion to vacate his guilty plea, and secondly, that he would not have pled guilty but for the deficiency of his counsel.

## Denial of Motion to Vacate Plea

{¶18} Mr. Ober first contends the trial court erred in denying his motion to vacate plea on April 6, 2018, due to his failure to appear at the hearing because he did not receive notice of the hearing. The record demonstrates the notice of hearing was sent to the same address he used in his motion, and he does not claim that he also did not receive the judgment entry denying his motion for failure to appear, which was sent to the same home address. Further, there is nothing in the record that indicates a failure of service of the notice of the hearing.

## Ineffective Assistance of Counsel

{¶19} Mr. Ober also argues he was denied effective assistance of counsel, claiming that he was unaware he was pleading guilty to both OVI counts and that the cases were combined without his knowledge.

{¶20} "Ineffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea." *Gibson*, *supra*, ¶26, citing *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, ¶27 (2d Dist.), citing *State v. Dalton,* 153 Ohio App.3d 286, 2003-Ohio-3813 (10th Dist.); *State v. Hamed*, 63 Ohio App.3d 5 (8th Dist.1983). "In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 694." *Id.* (Citation omitted.) "Thus, appellant must show that counsel's performance was deficient and

'must also show prejudice resulting from the deficient performance.'" *Id.*, quoting *State v. Jackson*, 11th Dist. Ashtabula No. 2002-A-0027, 2004-Ohio-2442, ¶9.

**{¶21}** Further, "[w]e need not address the two prongs of appellant's ineffective assistance of claim in the order set forth in *Strickland*." *Id.* at ¶27, quoting *Jackson, supra,* at ¶10. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*, citing *Jackson* at ¶11, citing *Strickland* at 697.

**{¶22}** Mr. Ober claims his attorney, the court, and the assistant prosecutor forced him into pleading guilty to the OVI charges in both cases, and that he was "never ask [sic] to plea to a specific case."

**{¶23}** At the outset, we note that Mr. Ober filed his motion to vacate plea on February 20, 2018, nine years after he pleaded guilty. While Crim.R. 32.1 does not prescribe a time limitation, an "'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *Gibson* at ¶28, quoting *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶14, citing *State v. Smith*, 49 Ohio St.2d 261, paragraph three of the syllabus (1977).

**{¶24}** A review of the change of plea hearing transcript reveals Mr. Ober voiced no issue with Attorney Sicuro's representation. The court inquired as to whether Mr. Sicuro was representing Mr. Ober on both cases since he had filed a motion to withdraw

7

in the first case, 2009 TRC 3321. With no objection from Mr. Ober, Attorney Sicuro informed the court he was indeed representing Mr. Ober on both cases as well as an additional unrelated one.

{¶25} The court then ensured Mr. Ober understood his rights he was waiving and the penalties he was facing, and that he was knowingly, intelligently, and voluntarily entering his plea to both cases. The plea hearing was straightforward with no hint of confusion on the part of Mr. Ober as to the charges to which he was pleading guilty, the charges that were being dropped in consideration of his plea, and the sentencing that followed. There is simply nothing to suggest that Mr. Ober's counsel's representation was deficient or that prejudice resulted therefrom. Further, Mr. Ober failed to allege any facts that would require a withdrawal of his guilty plea either in his motion to vacate plea or his brief on appeal.

{¶26} Mr. Ober has not demonstrated the kind of "manifest injustice" necessary to establish a post sentence motion to withdraw a guilty plea, or that a hearing was required even if the trial court had not set his motion for a hearing.

{¶27} "An evidentiary hearing on a post-sentence motion to withdraw a guilty plea 'is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn.'" *Gibson* at ¶33, citing *State v. Wilkey*, 5th Dist. Muskingham No. CT2005-0050, 2006-Ohio-3276, ¶26, citing *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶18, citing *State v. Blatnik*, 17 Ohio App.3d 201, 204 (6th Dist.1984). "Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice." *Id.*, citing *Wilkey* at ¶26, citing *Patterson* at ¶20; *State v. Laster,* 2d Dist. Montgomery No. 19381, 2003-Ohio-1564, ¶8.

{¶28} We are unwilling to find, under the facts of this case, that the trial court's decision to deny Mr. Ober's motion to vacate his plea nine years after it was accepted and after he failed to appear for the hearing constitutes an abuse of discretion. More than simply "buyer's remorse" must be evidenced in order to demonstrate a manifest injustice.

{¶29} Accordingly, we overrule Mr. Ober's assignment of error.

{¶30} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.