[Cite as *State v. Bene*, 2020-Ohio-1560.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2019-L-070<br>2019-L-071<br>2019-L-072 |
| JOSEPH P. BENE, | : | |
| Defendant-Appellant. | : | |


Criminal Appeals from the Lake County Court of Common Pleas, Case No. 2016 CR 001197, 2016 CR 001198 and 2017 CR 000168.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Joseph P. Bene*, pro se, A694-687, Mansfield Correctional Institution, 1150 North Main Street, P.O. Box 788, Mansfield, Ohio 44901 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Joseph P. Bene, appeals the denial of his motion to withdraw his guilty pleas. We affirm.

{¶2} In February 2017, appellant was charged with five felonies and one misdemeanor in three separate cases. He ultimately reached a global resolution.

{¶3} In return for dismissal of two charges and a jointly recommended aggregate sentence of 60 months, appellant pleaded guilty to: (1) burglary, a third-degree felony

under R.C. 2911.12(A)(3); (2) attempted abduction, a fourth-degree felony under R.C. 2923.02(A) and 2905.02(A)(1); (3) theft, a fifth-degree felony under R.C. 2913.02(A)(2); and (4) inducing panic, a fourth-degree felony under R.C. 2917.31(A)(2).

{¶4} The trial court accepted appellant's guilty pleas and found him guilty of the four charges. At sentencing, the court was informed of the jointly recommended sentence but did not follow it. Instead, the court imposed prison terms of 36 months for burglary, 18 months for attempted abduction, 12 months for theft, and 18 months for inducing panic, for an aggregate term of 84 months. Appellant did not appeal.

{¶5} However, he filed identical petitions for postconviction relief in all three cases arguing that his 84-month sentence constitutes cruel and unusual punishment. The trial court denied the petitions for multiple reasons, including res judicata since appellant's challenge could have been raised on direct appeal. Appellant did not appeal.

{¶6} Two years later, appellant filed identical motions to withdraw his guilty pleas in all three cases arguing ineffective assistance of trial counsel. Appellant claimed counsel was ineffective because he assured appellant that the aggregate sentence would not exceed five years and failed to adequately investigate possible defenses.

{¶7} The trial court issued identical judgments in all three cases, denying the motions to withdraw.

{¶8} Appellant appeals the denial of his motions to withdraw in all three cases asserting two assignments of error:

{¶9} "[1.] The trial court abused its discretion when it denied Bene's motion to withdraw his guilty plea.

{¶10} "[2.] Bene received ineffective assistance of counsel during Bene's plea

2

bargain phase that included being coerced with legal misadvisement [sic] to induce Bene's guilty plea, making his plea not knowingly, voluntarily, and intelligently given."

{¶11} Res judicata precludes appellant's ineffective assistance claim based on counsel's alleged assurance that the aggregate sentence would not exceed five years.

{¶12} "[U]under the doctrine of res judicata, "'[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. Res judicata promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action. *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178.' *Kirkhart v. Keiper,* 101 Ohio St.3d 377, 378, 805 N.E.2d 1089, 2004-Ohio-1496. Moreover, res judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated. *State v. Brown,* Cuyahoga App. No. 84322, 2004-Ohio-6421." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16.

{¶13} "'Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised.' *See State v. Montgomery,* 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.); *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 (res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were, or could have been, raised in a prior proceeding)." *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18.

{¶14} "Res judicata [bars] piecemeal claims in successive postconviction relief petitions or motions to withdraw guilty plea[s] that could have been raised, but were not,

3

in the first postconviction relief petition or motion to withdraw a guilty plea.'" *State v. Kent*, 4th Dist. Jackson No. 02CA21, 2003-Ohio-6156, ¶ 6.

{¶15} Any alleged assurance that his sentence would not exceed five years would have been known to appellant when he was sentenced to seven years. Accordingly, this ineffective assistance claim could have been advanced in his postconviction relief motion but was not. It is therefore barred by res judicata.

{¶16} Appellant's ineffective assistance claim based on his attorney's failure to investigate likewise fails. A post sentencing motion to withdraw a guilty plea may be granted to correct a manifest injustice. Crim.R. 32.1. Appellant's allegations, however, do not allege that any failure to investigate resulted in manifest injustice.

{¶17} "'Ineffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea.' * * * 'In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.' * * * 'Thus, appellant must show that counsel's performance was deficient and "must also show prejudice resulting from the deficient performance."' * * *

{¶18} "Further, '[w]e need not address the two prongs of appellant's ineffective assistance of claim in the order set forth in *Strickland*.' * * * '[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' * * *." *State v. Ober*, 11th Dist. Portage Nos. 2018-P-0034,

2018-P-0035, 2019-Ohio-843. ¶ 20-21.

{¶19} Here, even assuming his counsel was deficient, appellant fails to identify favorable evidence or law that would have been discovered with proper investigation. Thus, appellant fails to allege anything amounting to manifest injustice.

{¶20} The assignments of error are without merit, and the trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.