[Cite as *State v. Ober*, 2024-Ohio-3063.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF RAVENNA,<br><br>                Plaintiff-Appellee,<br><br>     - vs -<br><br>JAMES S. OBER,<br><br>                Defendant-Appellant. | CASE NO. 2023-P-0105<br><br><br>Criminal Appeal from the<br>Municipal Court, Ravenna Division<br><br><br><br>Trial Court No. 2020 TRC 08592 R |

**O P I N I O N**

Decided: August 12, 2024
Judgment: Affirmed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James S. Ober*, pro se, 6150 Allyn Road, Hiram, OH 44234 (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Following a bench trial, the Portage County Municipal Court, Ravenna Division, found appellant, James S. Ober ("Mr. Ober"), guilty of driving outside of marked lanes and operating a vehicle under the influence of alcohol ("OVI"). Mr. Ober appeals from the trial court's judgment that sentenced him to 180 days in jail, with 177 days suspended, and to complete a driver's intervention program ("DIP") within 180 days.

{¶2} Mr. Ober raises four assignments of error for our review, contending the trial court committed prejudicial error by (1) finding him guilty beyond a reasonable doubt for an OVI committed on October 14, 2020, (2) finding him guilty beyond a reasonable doubt

"based on several items" (in essence he challenges the sufficiency of the evidence and the manifest weight of the evidence), (3) overruling his motion to suppress, and (4) removing a witness from the witness list.

{¶3} After a careful review of the record and pertinent law, we find Mr. Ober's assignments of error to be without merit since he failed to file transcripts of the motion to suppress hearing and the bench trial, which are necessary for a complete review of his assigned errors. Further, Mr. Ober failed to cite any legal authority in his brief. Thus, we must presume regularity of the proceedings below and affirm.

{¶4} In addition, our review of the record reveals the trial court's June 21, 2023 judgment entry finding him guilty of OVI and driving outside of marked lanes contains a clerical error. The trial court stated that the incident occurred on October 14, 2020, which was the date of Mr. Ober's arraignment, not the date of his offenses, which was September 20, 2020. Thus, we remand for the trial court to issue a nunc pro tunc judgment entry correcting the date of Mr. Ober's offenses.

{¶5} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed. This matter is remanded for the trial court to issue a nunc pro tunc judgment entry.

### Substantive and Procedural Facts

{¶6} On September 20, 2020, Mr. Ober had a one-vehicle accident in which he drove into a ditch while under the influence of alcohol. An Ohio State Highway Patrol trooper cited Mr. Ober for OVI, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a); OVI within 20 years with a refusal to submit to chemical tests, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(2); driving outside of marked lanes,

2

a minor misdemeanor, in violation of R.C. 4511.33; and driving without a seatbelt, a minor misdemeanor, in violation of R.C. 4513.263(B)(1). The state trooper also filed an administrative suspension of Mr. Ober's driver's license.

{¶7} Mr. Ober pleaded not guilty at his arraignment.

**Motion to Suppress**

{¶8} In January 2023, after holding a hearing, the trial court issued a judgment entry overruling Mr. Ober's motion to suppress. We note Mr. Ober failed to file the transcript from the hearing, thus our review is limited to the trial court's judgment entry.

{¶9} The trial court reviewed the evidence presented at the hearing by the State and Mr. Ober, who proceeded pro se. The court found that the trooper was dispatched to a one-vehicle accident on Winchell Road in Hiram Township in Portage County, Ohio. On the way to the scene, the trooper was advised that the driver had been transported to the hospital by ambulance. The trooper diverted to the hospital. When he met Mr. Ober, the trooper noticed an odor of alcohol emanating from Mr. Ober's person and observed his speech was slurred and his eyes were droopy. Mr. Ober admitted to driving the vehicle, drinking "a couple beers," and having no alcohol following the accident. Mr. Ober also gave the trooper a written statement, and he consented to the administration of the Horizontal Gaze Nystagmus ("HGN"), a field sobriety test. The trooper found four out of six clues indicating impairment.

{¶10} The court concluded that the trooper had a reasonable basis to investigate Mr. Ober's crash, and that based upon his observations of Mr. Ober and Mr. Ober's statements there were reasonable, articulable facts present to request Mr. Ober to

3

complete the HGN test. The court further found that based upon the totality of the circumstances, the trooper had probable cause to arrest Mr. Ober for the offenses cited.

**Bench Trial**

{¶11} The case proceeded to a bench trial in June 2023, at which Mr. Ober was represented by counsel. Since Mr. Ober has failed to provide a transcript of the bench trial on appeal, our review is limited to the trial court's judgment entry.

{¶12} In its June 21, 2023 judgment entry, the trial court reviewed the evidence presented at trial, finding that Mr. Ober admitted to driving the vehicle and consuming "a few beers." Witnesses observed Mr. Ober driving erratically, outside of his lane of travel, and into a ditch. They further observed Mr. Ober in the driver's seat slumped over and unable to speak. The trooper observed Mr. Ober's speech was slurred, he had droopy eyelids, and he emanated a moderate odor of alcohol. The trooper administered the HGN test and observed four out of six clues of impairment.

{¶13} The court found Mr. Ober "consumed some alcohol to the extent it adversely affected and noticeably impaired his actions, reactions and control of himself, so as to impair to a noticeable degree, his ability to operate his motor vehicle." The court further found there was no testimony in evidence as to any prior OVI offense in the past 20 years.

{¶14} The court found Mr. Ober guilty beyond a reasonable doubt of driving outside of marked lanes in violation of R.C. 4511.33 and OVI in violation of R.C. 4511.19(A)(1)(a) and not guilty of OVI within the past 20 years with refusal to submit to chemical testing in violation of R.C. 4511.19(A)(2).[1]

---

1. Mr. Ober was also being tried in a separate case for having an open container in violation of R.C. 4301.62. The trial court, noting no evidence was presented on this offense, found Mr. Ober not guilty.

4

Case No. 2023-P-0105

{¶15} Mr. Ober filed an appeal, and in *State v. Ober*, 2023-Ohio-2930 (11th Dist.), we dismissed his appeal for lack of a final appealable order since he had not yet been sentenced.

{¶16} In November 2023, the trial court sentenced Mr. Ober to 180 days in jail, with 177 days suspended, completion of a DIP within 180 days of his sentence, a one-year administrative license suspension with credit from October 14, 2020 (thus, his suspension ended on October 13, 2021), and a fine of $1,075, with $700 suspended.

{¶17} Mr. Ober raises four assignments of error for our review:

{¶18} "[1.] The trial court committed prejudicial error finding the defendant 'guilty beyond a reasonable doubt' in a Judgment Entry filed on June 21, 2023 for an OVI committed on October 14, 2020. There is absolutely no record of such an occurrence.

{¶19} "[2.] The trial court committed prejudicial error by finding Mr. Ober guilty beyond a reasonable doubt based on several items.

{¶20} "[3.] . . . [T]he trial court committed a prejudicial error when, after the Motion to Suppress hearing of January 4, 2023, the ticket written by [the trooper] was not suppressed.

{¶21} "[4.] Portage County Municipal Court committed prejudicial error by removing [a witness] from the witness list for the Case No. 2020 TRC 08592 involving James Stephen Ober and an appeal in the 11th District Court of Appeals Case no. 2023 PA 00105 for reasons that are somewhat unclear."

### Failure to Comply with the Appellate Rules

{¶22} In his notice of appeal, Mr. Ober indicated he "will" file transcripts in this appeal; however, the record reflects that he filed only one transcript from a July 22, 2021

5

motion hearing. He did not file transcripts of the motion to suppress hearing or the bench trial. Mr. Ober interspersed certain uncertified pages of transcripts within his brief. Since he did not file certified transcripts of those proceedings, they are not part of our record, and we are precluded from considering them.

{¶23} Transcripts of these hearings are necessary to consider for a thorough review of Mr. Ober's contentions since he challenges the evidence presented, the removal of a witness from the witness list, and the trial court's judgments denying his motion to suppress and finding him guilty of OVI and driving outside of marked lanes.

{¶24} An appellant is required to provide a transcript for appellate review. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). A transcript is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. *See State v. Skaggs*, 53 Ohio St.2d 162, 163 (1978).

{¶25} This principle is embodied in App.R. 9(B)(1), which states "It is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record…are transcribed in a form that meets the specifications of App.R. 9(B)(6)." *See also Streetsboro v. Hughes*, 1987 WL 15055, *1 (11th Dist. July 31, 1987).

{¶26} Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. Because the appellant cannot demonstrate those errors, the court has no choice but to presume the validity of the lower court's proceedings. *Warren v. Clay*, 2004-Ohio-4386, ¶ 7 (11th Dist.). Under the circumstances, transcripts of the proceedings are necessary for a complete review of the errors assigned in Mr. Ober's brief. Since Mr. Ober has failed to

6

provide this court with transcripts of the relevant hearings, we must presume regularity of the proceedings below and affirm.

{¶27}  Moreover, Mr. Ober failed to cite to any legal authorities pursuant to App.R. 16(A)(7).  This rule provides: "The appellant shall include in its brief . . . [a]n argument containing the contentions . . . with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶28}  "An appellant 'bears the burden of affirmatively demonstrating error on appeal.'"  *Tally v. Patrick*, 2009-Ohio-1831, ¶ 22 (11th Dist.), quoting *S. Russell v. Upchurch*, 2003-Ohio-2099, ¶ 10 (11th Dist.).  "'It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error. See *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60 * * *.  Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out." *Harris v. Nome*, 9th Dist. No. 21071, 2002-Ohio-6994.'"  *Id.*  "Accordingly, we may disregard an assignment of error that fails to comply with App.R. 16(A)(7)."  *Id.*

{¶29}  As we stated in *State v. Ober*, 2019-Ohio-843 (11th Dist.), we recognize the difficult task pro se litigants face when representing themselves; however, we must adhere to the established rule that ""'pro se litigants are held to the same standard as other litigants and are not entitled to special treatment.'""  *Id.* at ¶ 12, quoting *Karnofel v. Kmart Corp.*, 2007-Ohio-6939, ¶ 27 (11th Dist.), quoting *In re Salsgiver*, 2003-Ohio-6420, ¶ 46 (11th Dist.).

{¶30}  Mr. Ober's assignments of error are without merit.

7

Case No. 2023-P-0105

**Nunc Pro Tunc**

{¶31}  In Mr. Ober's first assignment of error, he contends the trial court could not have found him guilty beyond a reasonable doubt for any offenses that occurred on October 14, 2020.

{¶32}  He is correct insofar as the trial court's June 21, 2023 judgment entry finding him guilty of OVI and driving outside of marked lanes contains a clerical error.  The trial court stated that the incident occurred on October 14, 2020, which was the date of Mr. Ober's arraignment, not the date of his offenses, which was September 20, 2020.

{¶33}  "It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth."  *State v. Lester*, 2011-Ohio-5204, ¶ 18.  Nunc pro tunc entries "are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide."  *Id.*

{¶34}  "'The term clerical mistake refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *State v. Taylor*, 2011-Ohio-5080, ¶ 53 (3d Dist.), quoting *State v. Gutierrez,* 2011-Ohio-3126, ¶ 93 (3d Dist.).  The proper action for the trial court, when faced with a clerical error, is to issue a nunc pro tunc judgment entry that, in the instant case, lists the proper date the offenses occurred.  *See id.* at ¶ 52-53 ("[d]espite the innumerable errors in the verdict forms and judgment entries," the errors were "clerical" and correctable through a nunc pro tunc entry).

{¶35}  Pursuant to Crim.R. 36, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be

corrected by the court at any time." "'A trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth.'" *Cleveland v. Kushlak*, 2022-Ohio-4402 (8th Dist.), ¶ 32, quoting *State v. Sandidge*, 2020-Ohio-1629, ¶ 7 (8th Dist.) (remanding for trial correct to issue a nunc pro tunc sentencing entry with the correct date of the offenses).

{¶36} Accordingly, this matter is remanded for the trial court to issue a nunc pro tunc June 21, 2023 judgment entry to correct the date of the offenses to September 20, 2020.

{¶37} For the foregoing reasons, the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed. This matter is remanded for the issuance of a nunc pro tunc judgment entry correcting the June 21, 2023 judgment entry.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

9