[Cite as *State v. Brown*, 2018-Ohio-4984.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

    Plaintiff-Appellee, :

                                        No. 18AP-112

v. : (C.P.C. No. 16CR-3399)

Dylan M. Brown, : (ACCELERATED CALENDAR)

    Defendant-Appellant. :

---

D E C I S I O N

Rendered on December 13, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Jeremy A. Roth*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Dylan M. Brown, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw his guilty plea. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Brown was indicted on June 23, 2016, on 16 counts of robbery, 6 counts of aggravated robbery, and 1 count of having a weapon under disability, relating to multiple robberies committed earlier that month. Brown initially entered a plea of not guilty and was provided with appointed counsel. On December 6, 2016, Brown entered guilty pleas on 8 counts of robbery; the plea agreement included a joint recommendation of 16 years' incarceration and the prosecution requested a nolle prosequi on the other counts in the indictment. The same day, the trial court conducted a sentencing hearing and imposed a

sentence of 2 years on each count to which Brown pled guilty, to be served consecutively to each other, for a total sentence of 16 years' imprisonment.

{¶ 3} On November 16, 2017, Brown filed a pro se motion to withdraw his guilty plea, asserting he was not competent to enter a guilty plea at the time of the plea hearing and that he received ineffective assistance of counsel because his counsel did not assert an insanity defense or seek a competency hearing. Plaintiff-appellee, State of Ohio, filed a memorandum in opposition to Brown's motion to withdraw the guilty plea. The trial court denied Brown's motion, concluding he failed to establish that a manifest injustice occurred when the court accepted his guilty plea. The court found that although Brown claimed he was denied medical assistance while in the county jail and suffered from ongoing mental health issues that prevented him from entering a knowing, voluntary, and intelligent plea, he failed to provide any evidence or affidavit to support these claims. The court also found Brown failed to establish he received ineffective assistance of counsel because there was no evidence of behavior that would have warranted a competency hearing; therefore, the court concluded his counsel did not perform deficiently by failing to request a competency hearing or mental evaluation.

## II. Assignments of Error

{¶ 4} Brown appeals and assigns the following two assignments of error:

> [I.] The Trial Court abused its discretion in denying Appellant's Motion to Withdraw Guilty Plea in violation of Appellant's rights under Ohio Criminal Rule 32.1 and the United States and Ohio Constitutions.
>
> [II.] Appellant did not receive effective assistance of counsel in entering his guilty plea in violation of his rights under the Ohio Constitution and the 14th and 6th Amendments to the United States Constitution.

## III. Analysis

{¶ 5} Crim.R. 32.1 governs motions to withdraw pleas and provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant seeking to withdraw a guilty plea after sentencing bears the burden of establishing the existence of manifest injustice, with reference to specific facts contained in the record or supplied through affidavits in

support of the motion. *State v. Bruce*, 10th Dist. No. 16AP-31, 2016-Ohio-7132, ¶ 6. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice is an extremely high standard, allowing withdrawal of a guilty plea after a sentence has been imposed only in extraordinary cases. *State v. Galdamez*, 10th Dist. No. 14AP-527, 2015-Ohio-3681, ¶ 13. The defendant "bears the burden of establishing a manifest injustice based on specific facts in the record or facts supplied through affidavits attached to the motion." *State v. Sansone*, 10th Dist. No. 11AP-799, 2012-Ohio-2736, ¶ 7.

{¶ 6}  "Absent an abuse of discretion on the part of the trial court, its decision concerning a post-sentence motion to withdraw [a] guilty plea must be affirmed." *State v. Tovar*, 10th Dist. No. 11AP-1106, 2012-Ohio-6156, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7}  In his first assignment of error, Brown argues the trial court abused its discretion by denying the motion to withdraw his guilty plea because the plea was not knowingly, intelligently, and voluntarily made. Brown asserts he was incapable of entering into the plea due to mental health issues and that the trial court failed to adequately explore these issues during the plea colloquy.

{¶ 8}  "A guilty plea that was not entered knowingly, intelligently, or voluntarily, creates a manifest injustice that would entitle a defendant to withdraw a guilty plea." *Williams* at ¶ 5. *See also State v. Lopez*, 10th Dist. No. 16AP-478. 2017-Ohio-4048, ¶ 24 ("When a plea is not knowingly, voluntarily or intelligently entered, it may constitute manifest injustice."). However, a criminal defendant is presumed to be mentally competent and a reviewing court must give extreme deference to a trial court's determination that a defendant is competent to knowingly, intelligently, and voluntarily enter a guilty plea. *State v. Grant*, 10th Dist. No. 12AP-650, 2013-Ohio-2981, ¶ 10. The defendant bears the burden of rebutting the presumption of competence. *Id.*

{¶ 9}  Brown asserted in his motion to withdraw that he was arrested at a hospital where he was undergoing a mental health evaluation. He claimed he was denied medical assistance or treatment while in the county jail, despite previously having received

medication while he was at the hospital. On appeal, Brown claims his mental health issues were brought to the attention of the trial court at the time of the plea hearing. He asserts the trial court failed to adequately inquire about his mental condition and ability to understand the proceedings.

{¶ 10} The record reflects that on November 17, 2016, prior to the plea hearing, Brown sent a letter to the trial court asserting he suffered from the condition of bipolar schizoaffective disorder and claiming he was off his medication at the time the offenses were committed. Brown admitted in the letter that he was under the influence of alcohol and illegal drugs at the time of the offenses. He proposed two alternative sentencing options that differed from the recommended sentence under the plea agreement. Brown did not assert in the letter that he was being denied medical treatment or medication while in the county jail, nor that he had any difficulty understanding or comprehending the proceedings.

{¶ 11} Similarly, while there were references to Brown's mental health at the plea hearing, there was no suggestion he was not receiving appropriate mental health treatment at the time of the plea hearing. The prosecutor stated that Brown claimed to have been off his medication at the time of the offenses. The court conduced a colloquy with Brown regarding the plea and as part of that colloquy asked Brown whether he was under the influence of any substance that might prevent him from understanding. Brown responded he was not. Brown acknowledged he had read and reviewed the plea form with his attorney, who explained the document and answered questions. Brown further acknowledged he signed the guilty plea form after this review. After this colloquy, the court accepted Brown's guilty pleas.

{¶ 12} During the sentencing phase of the hearing, which was conducted immediately after the plea was accepted, Brown's counsel referred to his mental health history, including multiple suicide attempts and mental health treatment. She indicated Brown had re-established mental health counseling and medication after being previously released from prison. She stated Brown had been off his medication at the time of the offenses, but that once he received medical treatment after being arrested, he was articulate, polite, and respectful.

{¶ 13} Brown argues the colloquy at the plea hearing was insufficient to ascertain whether his plea was knowingly, intelligently, and voluntarily made, citing *United States v. Damon*, 191 F.3d 561, 565 (4th Cir.1999). In *Damon*, the defendant, Damon, moved to vacate his guilty plea after being sentenced to life imprisonment, claiming he was under the influence of a medication at the time of the plea that hindered his mental capacity. *Damon* at 563. During the initial proceeding, Damon signed a plea agreement providing that he would plead guilty to one count of murder in a federal proceeding and two counts of murder in a state proceeding; in exchange for the plea, prosecutors agreed not to seek the death penalty. A few hours after signing the plea agreement, Damon attempted to commit suicide and was taken to the hospital for psychiatric evaluation. Three days later, Damon was released from the hospital; that same day, he was taken to court to enter the guilty plea, but indicated he no longer wished to plead guilty and a trial date was set. *Id.* Three days after that, Damon was returned to court and stated he wished to enter a guilty plea. During the colloquy with Damon, the trial court asked whether he was under the influence of any kind of medication, and Damon advised the court he was being treated with an antidepressant following his suicide attempt. Damon's counsel provided the court with the name of the medication and indicated that Damon's hospital records referred to "impaired judgment." *Id.* The trial court did not ask any follow-up questions about whether the medication affected Damon's ability to competently and voluntarily enter a plea.

{¶ 14} On appeal, the Fourth Circuit concluded the trial court had been "put on direct notice that Damon could be under the influence of a drug while entering his plea," which "should have raised a red flag for the district court as to Damon's competence to plead guilty." *Id.* at 565. The court further held that when an answer during a plea colloquy raises questions about a defendant's state of mind, the court must broaden its inquiry to ensure the plea is being made knowingly and voluntarily. *Id.* Under those circumstances, it was insufficient for the trial court to continue with a routine plea colloquy, and the court erred by failing to inquire about the effect, if any, of the medication on Damon's ability to make a knowing, intelligent, and voluntary plea. *Id.* The appellate court remanded and ordered the trial court to determine whether the medication had the capability to affect Damon's mental faculties sufficiently to render him incompetent to enter a guilty plea. *Id.* at 566.

{¶ 15} Brown argues his case is analogous to *Damon* because the trial court was put on notice of his mental health issues and potential effects of medication or lack of medication. This case is distinguishable from *Damon*, however, because there was not the same type of direct notice of a potential impairment of Brown's mental capacity at the time the plea was entered. In the present case, the prosecutor advised the trial court that Brown claimed to have been off his medication *at the time of the offenses*. Similarly, in his pre-hearing letter to the trial court, Brown claimed to have been off his medication at the time of the offenses. Neither Brown nor his counsel gave the court any information regarding his medication status *at the time of the plea hearing*, thus there was no direct notice of any potential impact on Brown's mental capacity. To the extent Brown's counsel commented on his mental health history or medical treatment, those statements were made *after* the plea had been entered and accepted and suggested that Brown was receiving appropriate mental health treatment.

{¶ 16} Moreover, Brown directly denied being under the influence of any substance that would prevent him from understanding the proceedings. Under these circumstances, we cannot conclude the trial court abused its discretion by concluding that the failure to further inquire about Brown's mental health or medication history did not create a manifest injustice. Further, to the extent Brown sought to introduce additional information about an alleged lack of medical treatment while being held at the county jail, that evidence is not contained in the record and Brown has not provided an affidavit to support any such claims.

{¶ 17} Accordingly, we overrule Brown's first assignment of error.

{¶ 18} In his second assignment of error, Brown asserts he received ineffective assistance from his trial counsel because she failed to request a competency hearing or other mental evaluation. We apply a two-prong test for ineffective assistance of counsel that requires a defendant to prove that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-42 (1989). In the context of a guilty plea, the second prong of the test requires the defendant to " 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.' " *Xie* at 524, quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Ineffective assistance of counsel may

constitute a manifest injustice sufficient to permit withdrawal of a guilty plea after a sentence has been imposed. *Galdamez* at ¶ 13.

{¶ 19} "Judicial scrutiny of counsel's performance must be highly deferential [and] [b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689; *Bradley* at 141. A criminal defendant is generally presumed to be competent. R.C. 2945.37(G); *Grant* at ¶ 10. As explained above, there is nothing in the record suggesting that Brown's mental capacity was impaired at the time of the plea hearing.[1] The comments made by Brown's trial counsel during the sentencing phase of the hearing indicate she was aware of Brown's history of mental health issues and that those issues were not hindering her ability to represent him or his ability to understand the proceedings. Therefore, we apply the presumption that her decision not to request a competency hearing or other mental evaluation was within the range of reasonable professional assistance. Under these circumstances, Brown has failed to demonstrate his trial counsel performed deficiently. *See State v. Martinez*, 10th Dist. No. 13AP-704, 2014-Ohio-2425, ¶ 28-29 (holding the appellant failed to demonstrate deficient performance where he failed to present any evidence to establish that his trial counsel failed to advise him of the mandatory deportation consequences of his guilty plea). Therefore, the trial court did not abuse its discretion by denying Brown's motion to withdraw his guilty plea based on ineffective assistance of counsel.

{¶ 20} Accordingly, we overrule Brown's second assignment of error.

## IV. Conclusion

{¶ 21} For the foregoing reasons, we overrule Brown's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

---

[1] To the extent Brown seeks to rely on facts outside the record of the trial court, the proper remedy would be a petition for post-conviction relief. *State v. Douthat*, 10th Dist. No. 09AP-870, 2010-Ohio-2225, ¶ 19 ("Where a claim of ineffective assistance of counsel is dependent upon facts outside the record, the appropriate remedy is for the defendant to file a petition for post-conviction relief.").