[Cite as *State v. Pishner*, 2022-Ohio-2099.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-P-0063 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the<br>Court of Common Pleas |
| LARRY A. PISHNER, JR., | Trial Court No. 2016 CR 00512 |
| Defendant-Appellant. | |

## O P I N I O N

Decided: June 21, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Seneca Konturas*, P.O. Box 662, Aurora, OH 44202 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Larry A. Pishner, Jr., appeals the judgment denying his motion to withdraw his guilty plea. We affirm.

{¶2} In 2016, Pishner was charged with felonious assault, two counts of attempted murder, and domestic violence. These charges stemmed from a violent altercation between Pishner and his then wife. Thereafter, one count of attempted murder was dismissed.

{¶3} Subsequently, pursuant to a plea agreement, Pishner entered a guilty plea to one count of felonious assault, a felony of the second degree in violation of R.C.

2903.11, and the remaining counts were dismissed. On January 3, 2017, the trial court sentenced Pishner to eight years of imprisonment. Pishner appealed his sentence, and this court affirmed. *State v. Pishner*, 11th Dist. Portage No. 2017-P-0004, 2017-Ohio-8689.

{¶4} On December 20, 2019, Pishner filed a post-sentence motion to withdraw his plea, arguing that defense counsel was ineffective for failing to seek competency and mental health evaluations. Following a hearing, the trial court denied the motion.

{¶5} On May 17, 2021, Pishner filed a "motion to withdraw guilty plea after sentence Ohio Crim. R. Proc. 32.1 &/or R.C. 2953.21-2953.23," accompanied by his affidavit and several exhibits. In relevant part, Pishner indicated that he recently obtained body camera footage of arresting officers that had been in the possession of the state but was not produced in discovery and was reported to not exist. Pishner maintained that the footage established that the reports of the responding officers were inaccurate or incomplete, and the footage was inconsistent with the narrative of events offered by the state at sentencing.

{¶6} The trial court summarily denied Pishner's May 17, 2021 motion without hearing.

{¶7} Pishner advances two assigned errors. Relative to both assigned errors, we note at the outset that Pishner raised seven grounds for relief in his motion, but only the first two of these grounds are based upon discovery of the body camera footage. On appeal, Pishner's arguments are premised on the body camera footage. Accordingly, we limit our review to the denial of Pishner's motion insofar as he relied on the body camera footage.

2

{¶8} We next note that Pishner's motion sought relief pursuant to both R.C. 2953.21-2953.23, governing petitions for postconviction relief, and Crim.R. 32.1, governing motions to withdraw a guilty plea. "Postsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14.

{¶9} Mindful of the limited basis of Pishner's appeal and the distinction between petitions for postconviction relief and motions to withdraw guilty pleas, we proceed to discuss Pishner's assigned errors, the first of which states:

{¶10} "The trial court erred in denying Mr. Pishner's R.C. 2953.21 Motion for Post-Conviction Relief when the withholding of evidence prevented Mr. Pishner from making a knowing and intelligent plea."

{¶11} R.C. 2953.21 provides, "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" may file a postconviction petition "asking the court to vacate or set aside the judgment or sentence * * *." R.C. 2953.21(A)(1)(a)(i).

{¶12} Postconviction petitions "filed under R.C. 2953.21(A)(1) shall be filed within three hundred sixty-five days after the filing of the transcript in a direct appeal." *State v. Garner*, 11th Dist. Lake No. 2018-L-057, 2018-Ohio-4661, ¶ 13, citing R.C. 2953.21(A)(2). If the petitioner fails to meet this deadline, "the petitioner must show that 'he was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively' and demonstrate 'by clear and convincing evidence

3

that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.'" *Garner* at ¶ 13, quoting R.C. 2953.23(A)(1)(a) and (b).

{¶13} Pishner acknowledges that his motion was not timely filed under R.C. 2953.21(A)(1). Accordingly, he argues that his motion should have been considered pursuant to R.C. 2953.23(A)(1), maintaining that he was unavoidably prevented from discovery of the body camera footage. However, even were this court to agree that Pishner's motion alleged facts sufficient to satisfy R.C. 2953.23(A)(1)(a), this court has held that "[a]n appellant convicted pursuant to a plea of guilty, not by reason of trial," cannot establish that "'but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.'" *State v. Murdock*, 11th Dist. Portage No. 2001-P-0013, 2002 WL 408184, *2 (Mar. 15, 2002), quoting *State v. Klepper*, 11th Dist. Portage No. 2000-P-0053, 2001 WL 822752 (July 20, 2001), citing *State v. Halliwell*, 134 Ohio App.3d 730, 735, 732 N.E.2d 405 (8th Dist.1999), quoting former R.C. 2953.23(A)(2) (currently R.C. 2953.23(A)(1)(b)).

{¶14} Therefore, Pishner cannot meet the requirements of R.C. 2953(A)(1)(b) because his conviction was the result of a guilty plea, not a trial. [1] Accordingly, Pishner's first assigned error lacks merit.

{¶15} In his second assigned error, Pishner maintains:

---

1. During the proceedings in the present appeal, Pishner moved for remand, arguing that the trial court's failure to issue findings of fact and conclusions of law rendered the judgment on the motion for postconviction relief non-final. We denied the motion for remand, citing the holding of the Ohio Supreme Court in S*tate ex rel. Penland v. Dinkelacker*, 162 Ohio St.3d 59, 2020-Ohio-3774, 164 N.E.3d 336, ¶ 3, ¶ 28, that an order granting or denying a petition for postconviction relief is a final order, and the trial court's failure to issue statutorily required findings is an issue that may be raised in an appeal from that judgment. Pishner did not raise this issue in his brief, and thus we do not further address it.

4

{¶16} "The trial court erred in denying Mr. Pishner's Crim. R. 32.1 Motion to Withdraw Plea when the withholding of evidence prevented Mr. Pishner from making a knowing and voluntary plea."

{¶17} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A "manifest injustice" refers to a "clear or openly unjust act." (Citation omitted.)  *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶ 12.  This court has explained:

> "A manifest injustice standard is an extremely high standard, which permits withdrawal of a plea only in extraordinary cases." [*State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 20], quoting *State v. Allen*, 8th Dist. Cuyahoga No. 86684, 2006-Ohio-3164, 2006 WL 1705134, ¶ 10. "The manifest injustice standard 'comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.'" [*Gibson* at ¶ 20], quoting *State v. Thomson*, 6th Dist. Lucas No. L-05-1213, 2006-Ohio-1224, 2006 WL 664246, ¶ 48, citing *State v. Woods*, 8th Dist. Cuyahoga No. 82120, 2003-Ohio-2475, 2003 WL 21101507, ¶ 16.
>
> "The burden is on the defendant to establish the existence of such injustice. * * * 'The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" [*Gibson*] at ¶ 21, quoting *Thomson* at ¶ 49, citing *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).
>
> "The motion [to withdraw a guilty plea] is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at ¶ 22, quoting *State v. Gegia*, 11th Dist. Portage No. 2003-P-

5

> 0026, 2004-Ohio-1441, 2004 WL 574623, ¶ 20, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "The phrase 'abuse of discretion' is one of art, connoting judgment exercised by a court, which does not comport with reason or the record." *State v. Petway*, 11th Dist. Lake No. 2016-L-084, 2017-Ohio-7954, 2017 WL 4335274, ¶ 7, citing *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 148 N.E. 362 (1925).

*State v. Ober*, 11th Dist. Portage Nos. 2018-P-0034 & 2018-P-0035, 2019-Ohio-843, ¶ 14-16.

{¶18} "[I]f a defendant shows that he or she did not enter a plea knowingly, intelligently or voluntarily, the defendant may establish a manifest injustice sufficient to warrant withdrawal of the guilty plea under Crim.R. 32.1." *State v. Norris*, 8th Dist. Cuyahoga No. 107894, 2019-Ohio-3768, ¶ 30, citing *State v. Brown*, 10th Dist. Franklin No. 18AP-112, 2018-Ohio-4984, ¶ 8; *State v. Riley*, 4th Dist. Washington No. 16CA29, 2017-Ohio-5819, ¶ 18; *State v. Fry*, 7th Dist. Mahoning No. 12MA156, 2013-Ohio-5865, ¶ 12. Further, "'"[i]neffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea." * * * "In order to prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*[,] 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 [(1984)].'"" *State v. Bene*, 11th Dist. Lake Nos. 2019-L-070, *et seq.*, 2020-Ohio-1560, ¶ 17, quoting *Ober* at ¶ 20, quoting *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 26. "'Thus, appellant must show that counsel's performance was deficient and "must also show prejudice resulting from the deficient performance."'" *Bene* at ¶ 17, quoting *Ober* at ¶ 20, quoting *Gibson* at ¶ 26.

6

Case No. 2021-P-0063

{¶19} Here, in Pishner's merit brief, he maintains that a manifest injustice occurred because Pishner was denied effective assistance of counsel. In support, Pishner alleges that trial counsel failed to inform him of the existence of the body camera recording. However, this argument differs from Pishner's allegations contained in his motion. Although it is unclear in certain portions of the motion whether Pishner claims the state or his attorney withheld the recording, he does ultimately indicate that it was *the state* that withheld the video *from the defense* in the following passage:

> In the present case, newly discovered evidence has become available by means of a freedom of request (sic.) by Defendant's family and military friends. This evidence establishes the events that transpired were not factually stated by the State. The Defendant requested body camera evidence numerous times, and such evidence was not produced or entered into the record. The evidence was made believed to not exist, which prejudiced the Defendant *by the State's withholding of requested evidence.* * * *

(Emphasis added.) Accordingly, the factual predicate for Pishner's claim of ineffective assistance of counsel advanced in his second assigned error is inconsistent with his motion, and we cannot say the trial court erred by failing to grant his motion on this basis.

{¶20} Pishner's motion suggests that the withholding of the video footage constituted a violation of his due process rights pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

> "[A] prosecutor violates due process when he (1) suppresses evidence (2) that is favorable to the defendant, when that evidence (3) is material to guilt or innocence." *United States v. Olsen*, 737 F.3d 625, 628 (9th Cir.2013) (Kozinski, C.J., dissenting), citing *Brady* [at 87]. The same due process violation occurs when the prosecution suppresses evidence that bears upon the credibility of a government witness. *Id.*, citing *Giglio v. United States*, 405 U.S. 150, 153–154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

7

*State v. Trimble*, 11th Dist. Portage No. 2015-P-0038, 2016-Ohio-1307, ¶ 26.  We note that some cases question whether a movant may demonstrate a manifest injustice based upon an alleged *Brady* violation premised on suppression of purportedly exculpatory evidence.  *See State v. Riley*, 4th Dist. Washington No. 16CA29, 2017-Ohio-5819, ¶ 31.  However, we do not reach this issue here, because, as set forth above, Pishner's merit brief abandons the factual predicate for a *Brady* violation, i.e., the suppression of evidence *by a prosecutor*.

{¶21}  Nonetheless, we have reviewed the video footage and Pishner's allegations concerning contradictory or incomplete police reports and statements.  The video seemingly corroborates Pishner's allegations that he relatively quickly opened the door for police officers, that he was injured, that he made an oral statement to officers regarding the reasons for the altercation, that he expressed despondence, and that the officers removed blood evidence.

{¶22}  However, Pishner's motion indicates that he was aware of these facts through his personal knowledge or police reports prior to entering his plea, and the video serves as corroborating evidence.  Although Pishner believes that corroboration of these facts would have supported only a lesser charge, none of these facts necessarily negate the elements of second-degree felonious assault.  *See* R.C. 2903.11(A)(1) ("No person shall knowingly  *  *  *   [c]ause serious physical harm to another  *  *  *  [.]") and 2903.11(D)(1)(a) ("Whoever violates this section is guilty of felonious assault.  Except as otherwise provided in this division or division (D)(1)(b) of this section, felonious assault is a felony of the second degree.  * * *").

Case No. 2021-P-0063

{¶23} Based upon the particular circumstances of this case, we cannot say that the trial court abused its discretion by failing to find that Pishner's motion warranted a hearing to determine if his lack of knowledge of video footage rendered his plea involuntary, unknowing, or unintelligent so as to amount to a manifest injustice.

{¶24} Accordingly, Pishner has failed to establish that the trial court erred in denying his post-sentence motion to withdraw his guilty plea, and his second assigned error lacks merit.

{¶25} The judgment is affirmed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-P-0063