[Cite as *Conneaut v. Babcock*, 2023-Ohio-4605.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| CITY OF CONNEAUT, | **CASE NO. 2023-A-0036** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Conneaut Municipal Court |
| RUDOLPH BABCOCK, | |
| Defendant-Appellant. | Trial Court No. 2021 CRB 00037 |

# O P I N I O N

Decided: December 18, 2023
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 West Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Donald Gallick*, 190 North Union Street, Suite 102, Akron, OH 44304 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}     Appellant, Reverand Doctor Rudolph Babcock ("Dr. Babcock), appeals from the judgment of the Conneaut Municipal Court denying his Crim.R. 32.1 postconviction motion to withdraw his no contest plea to one count of discharging firearms, a fourth-degree misdemeanor, in violation of Conneaut Codified Ordinances 549.08(a).

{¶2}     Dr. Babcock raises two assignments of error, contending (1) the state of Ohio does not recognize municipal firearm ordinances; therefore, the trial court lacked subject matter jurisdiction, and his conviction is void; and (2) the trial court abused its discretion by denying his motion to withdraw his plea of no contest after he demonstrated

his trial counsel was ineffective by failing to advise him of the unconstitutionality of Conneaut Codified Ordinances 549.08(a) prior to entering his plea.

{¶3} After a careful review of the record and pertinent law, we find Dr. Babcock's assignments of error to be without merit since they are barred by the doctrine of res judicata. Our review of the record reveals Dr. Babcock raised the constitutionality of Conneaut Codified Ordinances 549.08(a) in his motion to dismiss prior to entering his plea of no contest. The trial court found the ordinance did not conflict with R.C. 9.68 and the Supreme Court of Ohio's ruling in *Cleveland v. State*, 128 Ohio St.3d 135, 2010-Ohio-6318, 942 N.E.2d 370. Dr. Babcock failed to raise this issue on appeal. He also raised this issue with the Supreme Court of Ohio, which declined jurisdiction, and in an application to reopen to this court, which we denied. Although the issue of subject matter jurisdiction may be raised at any time, it may not be repeatedly attacked, except on direct appeal. Most fundamentally, Dr. Babcock failed to show a manifest injustice sufficient to withdraw his plea because he did not demonstrate that his plea was not entered knowingly, intelligently, or voluntarily due to the ineffectiveness of his trial counsel.

{¶4} The judgment of the Conneaut Municipal Court is affirmed.

**Substantive and Procedural History**

{¶5} In February 2021, Dr. Babcock was charged via complaint in the Conneaut Municipal Court with discharging an air gun, a fourth-degree misdemeanor, in violation of Conneaut Codified Ordinances 549.08(a), after shooting a squirrel down from a tree on his property, which was within city limits.

{¶6} Ultimately, he pleaded no contest in November 2021. The trial court sentenced him to 30 days in jail, with 30 days suspended, one year of unsupervised

2

Case No. 2023-A-0036

community control, and a fine of $250. The trial court stayed the sentence pending Dr. Babcock's appeal.

{¶7} In June 2022, we affirmed his conviction in *Conneaut v. Babcock*, 11th Dist. Ashtabula No. 2021-A-0045, 2022-Ohio-2101, finding his assignments of error, which raised speedy trial and constitutional issues (albeit not the constitutional issue he raises herein), to be without merit. *Id.* at ¶ 37.

{¶8} Dr. Babcock obtained new counsel and in July 2022, he filed a jurisdictional appeal in the Supreme Court of Ohio, contending, as he does now on appeal, that R.C. 9.68 repealed municipal firearm ordinances pursuant to the court's decision in *Cleveland v. State*, thus rendering his conviction void. The court declined jurisdiction. *See Conneaut v. Babcock*, 168 Ohio St.3d 1406, 2022-Ohio-3546, 195 N.E.3d 1048.

{¶9} In September 2022, Dr. Babcock filed an application to reopen pursuant to App.R. 26(B) in this court. Dr. Babcock asserted that his former trial/appellate counsel was ineffective because his counsel failed to inform him of and/or challenge the constitutionality of Conneaut Codified Ordinances 549.08(a) pursuant to R.C. 9.68 and *Cleveland v. State*.

{¶10} In November 2022, we denied his application to reopen, determining the postconviction remedies pursuant to R.C. 2953.21 et. seq. provide an appropriate avenue to raise ineffective assistance of counsel claims since he was represented by the same counsel in the trial court and on appeal.

### Crim.R. 32.1 Postsentence Motion to Withdraw Plea

{¶11} In April 2023, Dr. Babcock filed a Crim.R. 32.1 motion to withdraw his plea in the municipal court. As he did in his application to reopen and his jurisdictional appeal

3

to the Supreme Court of Ohio, Dr. Babcock alleged he received ineffective assistance of counsel because his trial counsel failed to advise him before he entered a plea of no contest that Conneaut Codified Ordinances 549.08(a) conflicts with R.C. 9.68 and *Cleveland v. State.*

{¶12} Dr. Babcock attached his own affidavit, as well as affidavits from his former trial/appellate counsel and his current counsel. Dr. Babcock averred that he was unaware his former counsel had failed to make the argument that municipal firearm ordinances were repealed by the Ohio General Assembly and upheld by the Supreme Court of Ohio, and he "stands convicted of a crime that did not exist." Dr. Babcock's former counsel averred that he failed to advise Dr. Babcock that he was pleading no contest to a violation of a municipal firearm ordinance, which may be invalid due to the Supreme Court of Ohio's decision in *Cleveland v. State.* Lastly, Dr. Babcock's current counsel averred that he believed Dr. Babcock received ineffective assistance of counsel because his former counsel failed to file a motion to dismiss due to R.C. 9.68 and *Cleveland v. State.*

{¶13} The city of Conneaut (the "city") contended Dr. Babcock's claim was barred by the doctrine of res judicata since he raised this issue in the municipal court, this court, and the Supreme Court of Ohio.

{¶14} The trial court held an evidentiary hearing, at which Dr. Babcock testified on his own behalf.

{¶15} Dr. Babcock testified he was not aware that a municipality's ability to enforce firearm regulations had been struck down by the Supreme Court of Ohio until he hired new counsel following his appeal. Had he known this, he would have gone to trial instead of entering a no contest plea.

4

{¶16} The trial court reminded Dr. Babcock that on April 27, 2021, before he hired an attorney and while the charge was pending, he filed a motion to dismiss. One of the arguments he raised was that R.C. 9.68 rendered Conneaut Codified Ordinances 549.08(a) unconstitutional pursuant to *Cleveland v. State*. The court further reviewed that it overruled Dr. Babcock's motion on September 20, 2021, after specifically considering *Cleveland v. State*. The court had concluded the municipal ordinance did not conflict with R.C. 9.68 and was not unconstitutional since it concerned the discharge of firearms. After Dr. Babcock's motion to dismiss was overruled, he obtained counsel and entered a no contest plea for the purpose of appealing the constitutionality of the ordinance.

{¶17} In a judgment entry issued on May 31, 2023, the trial court overruled Dr. Babcock's motion, finding it barred by the doctrine of res judicata. The trial court reviewed that it overruled Dr. Babcock's argument on the constitutionality of Conneaut Codified Ordinances 549.08(a) pursuant to *Cleveland v. State* prior to Dr. Babcock entering his plea and that Dr. Babcock was seeking to withdraw his plea to argue the same constitutional issue to the court again and on appeal if it were overruled.

{¶18} Dr. Babcock raises two assignments of error on appeal:

{¶19} "[1.] Appellant's conviction and sentence are void because Ohio does not recognize municipal firearm ordinances; the municipal court lacked subject matter jurisdiction over the criminal case.

{¶20} "[2.] The trial court committed an abuse of discretion by denying the motion to withdraw the guilty plea as appellant's plea was based on erroneous legal advice as Babcock entered a plea to a void complaint."

5

**Crim.R. 32.1 Postsentence Motion to Withdraw Plea**

{¶21} Pursuant to Crim.R. 32.1, a trial court may only grant a defendant's postsentence motion to withdraw a plea of guilty or no contest to correct manifest injustice. In order to establish a manifest injustice sufficient to warrant a withdrawal of plea pursuant to Crim.R. 32.1, a defendant is required to demonstrate that he did not enter his plea knowingly, intelligently, or voluntarily. *State v. Pishner*, 11th Dist. Portage 2021-P-0063, 2022-Ohio-2099, ¶ 18.

{¶22} In *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, the Supreme Court of Ohio explained existing plea-withdrawal precedent:

{¶23} "'A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice.' *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A 'manifest injustice' is a 'clear or openly unjust act,' *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), citing *Kreiner* at 208, 699 N.E.2d 83 and *Smith* at 264, 361 N.E.2d 1324. The term 'has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.' *Smith* at 264, 361 N.E.2d 1324.

{¶24} "Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, 'an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' *Smith* at 264,

6

361 N.E.2d 1324, citing *Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir.1966). And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard. *Smith* at paragraph two of the syllabus; *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32." *Straley* at ¶ 14-15.

{¶25} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

{¶26} In Dr. Babcock's first assignment of error, he contends the trial court lacked subject matter jurisdiction to convict and sentence him because Conneaut Codified Ordinances 549.08(a) is unconstitutional. In Dr. Babcock's second assignment of error, he contends the trial court abused its discretion by denying his motion to withdraw his plea of no contest after he demonstrated his trial counsel was ineffective by failing to advise him of the unconstitutionality of Conneaut Codified Ordinances 549.08(a).

7

Because Dr. Babcock's claims are barred by the doctrine of res judicata, we will address them together.

{¶27} Conneaut Codified Ordinances 549.08(a) was passed in 2017 and states: "No person shall discharge any air gun, rifle, shotgun, revolver, pistol, or other firearm within the City of Conneaut, except for hunting as provided in Section 505.11 and this section." Whoever violates this section is guilty of a fourth-degree misdemeanor. Conneaut Codified Ordinances 549.08(d).

{¶28} Our review of the record reveals Dr. Babcock raised the constitutionality of Conneaut Codified Ordinances 549.08(a) in his motion to dismiss prior to entering his plea of no contest. The trial court found the ordinance did not conflict with R.C. 9.68 and the Supreme Court of Ohio's ruling in *Cleveland v. State*. More specifically, in its judgment entry denying Dr. Babcock's motion to dismiss, the court found that "[w]hile R.C. 9.68 is a state law enacted to preempt local firearms laws which regulate 'the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, other transfer, manufacture, taxation, keeping, and reporting of loss or theft of firearms, their components, and their ammunition,' the City's ban against the *discharge* of any air gun, rifle, shotgun, revolver, pistol or other firearm within the City of Conneaut is not preempted by R.C. 9.68 and not prohibited by the Ohio Supreme Court decision in *City of Cleveland v. State of Ohio*[.]" (Emphasis added.)

{¶29} Thus, Mr. Babcock's assertion that he was unaware of this argument until he retained new counsel following his appeal is contradicted by the record. Dr. Babcock also raised this issue on appeal to the Supreme Court of Ohio, which declined jurisdiction, and in an application to reopen to this court, which we denied.

8

{¶30} "Although a challenge to a court's subject-matter jurisdiction may be raised at any time, *see Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, 98 N.E.2d 949, ¶ 9 (1st Dist.), it may not be repeatedly attacked." *State v. Bell*, 1st Dist. Hamilton No. C-220372, 2023-Ohio-2073, ¶ 8. ""Once [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issues, said determination is res judicata in a collateral action and can only be attacked directly by appeal."" *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 19, quoting *Citicasters Co. v. Stop 26-Riverbend Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, 771 N.E.2d 317, ¶ 33 (7th Dist.), quoting *Squires v. Squires*, 12 Ohio App.3d 138, 141, 468 N.E.2d 73 (12th Dist.1983).

{¶31} The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. Courts have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal. *Id.*; *Straley*, *supra*, at ¶ 23. *See State v. Feathers*, 11th Dist. Portage No. 2021-P-0004, 2021-Ohio-4137, ¶ 13 (the appellant's claim should have been raised on appeal since he relies on information known or available at that time).

{¶32} Furthermore, Dr. Babcock failed to establish that his counsel was deficient. While ineffective assistance of counsel is a proper basis for seeking a postsentence withdrawal of a plea, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Pishner*, *supra*, at ¶ 18. Thus, Dr. Babcock was required to show that (1) his trial counsel

9

was deficient and (2) prejudice resulted from the deficient performance. *Id.* In order to satisfy the second prong, Dr. Babcock was required to show there was a reasonable probability that, but for counsel's errors, the result would have been different. *See Strickland* at 694.

{¶33} Thus, the trial court did not abuse its discretion in denying Dr. Babcock's postsentence motion to withdraw his plea of no contest since his claims are barred by the doctrine of res judicata. Most fundamentally, he has failed to show a manifest injustice sufficient to withdraw his plea since he did not demonstrate that he did not enter his plea knowingly, intelligently, or voluntarily.

{¶34} The judgment of the Conneaut Municipal Court is affirmed.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2023-A-0036